**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4023**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERRY LEE KISER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00165-CCE-1)

Submitted:  June 19, 2012        Decided:  June 21, 2012

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Kiser appeals his conviction and 192-month sentence for production of child pornography, in violation of 18 U.S.C.A. § 2251(a) & (e) (West Supp. 2011). Kiser's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but requests that we review Kiser's sentence for error.[*] Having reviewed the record, we affirm the judgment of the district court.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, taking into account the "totality of the circumstances." Id. In this respect, "an appellate court must

_____

[*] Despite receiving notice of his right to file a pro se informal brief, Kiser has not done so. The Government has elected not to file a brief.

2

defer to the trial court and can reverse a sentence <u>only</u> if it is unreasonable, even if the sentence would not have been the choice of the appellate court." <u>United States v. Evans</u>, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis in original). A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

Our review of the record reveals no reason to disturb the presumptive reasonability of Kiser's within-Guidelines sentence. <u>See</u> <u>id.</u> In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Kiser, in writing, of the right to petition the Supreme Court of the United States for further review. If Kiser requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kiser. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>